UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL F. GONZALEZ-SINALOA,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN, FCI MENDOTA,<br><br>    Respondent. | No.  1:24-cv-01078-SKO (HC)<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**<br><br>**FINDINGS AND RECOMMENDATION TO SUMMARILY DISMISS PETITION**<br><br>**[THIRTY DAY OBJECTION DEADLINE]** |

Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He filed the instant petition on September 12, 2024.  Petitioner takes issue with a disciplinary proceeding in which he was found guilty of possessing illicit drugs in prison.  Because the petition fails to state a claim for relief, the Court will recommend it be DISMISSED.

**DISCUSSION**

A.      Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases[1] allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing Section 2254 Cases.

---

[1] Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases, the rules may be applied in § 2241 Cases.

1

1   The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of
2   habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to
3   dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.
4   2001).

B.   Rules Violation Report[2]

On January 28, 2023, Correctional Officer Tirado conducted a cell search of Petitioner's cell.  During the search, Officer Tirado located three rice bags wrapped together in plastic concealed inside the mattress of the bottom bunk. Further inspection revealed each rice bag contained other items. One rice bag contained 17 individual bags of a white powdery substance weighing 28 grams. The second rice bag contained a white crystal-like substance weighing 68 grams. The third rice bag contained tobacco weighing 126 grams, three orange strips of paper measuring approximately 1 inch by 1/2 inch, and one small piece of paper measuring 2 cm by 2 cm.

Testing was conducted using the Narcotics Identification System test kit (NIK) and IDENTIDRUG chart.  The white powdery substance was determined to be methamphetamine. The crystal-like substance was also found to be methamphetamine. The small orange piece of paper was determined to be buprenorphine.

Petitioner was charged with possession of drugs/alcohol in violation of Code 113 and possession of a non-hazardous tool in violation of Code 331.  He was found guilty of possession of drugs and sanctioned, *inter alia*, with a loss of 41 days of good conduct time credits. He administratively appealed the finding and the appeals were denied.

C.   Due Process Rights in Prison Disciplinary Proceedings

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment.  Wolff v. McDonnell, 418 U.S. 539, 555 (1974).  Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings.  Id. at 556.  Thus, a

---

[2] The facts are taken from the Rules Violation Report dated June 14, 2023. (Doc. 1 at 12-20.)

prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-455 (1984)).

When a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567.  In addition, due process requires that the decision be supported by "some evidence."  Hill, 472 U.S. at 455 (citing United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927)).

Petitioner does not claim that his procedural due process protections were violated, and a review of the exhibits reveals that all due process requirements were met.  He does not claim that he was not provided with more than 24 hours' notice of the hearing, and the Rules Violation Report (RVR) shows he was provided written notice of the charges 10 days prior to the hearing. (Doc. 1 at 12.)  He does not claim that witnesses or documentary evidence were denied, and the RVR shows he waived his right to witnesses and did not present any evidence. (Doc. 1 at 12-13.) He does not claim that he was not provided with a written copy of the disciplinary hearing determination, and the RVR shows he was delivered a written copy of the RVR on June 14, 2023, at 11:36 hours. (Doc. 1 at 16.) Thus, there is no dispute that all procedural due process requirements were met.

Petitioner does however dispute that there was at least "some evidence" to support the decision. See Hill, 472 U.S. at 455 ("the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits.") He claims that the drugs were not sent to an outside laboratory for testing, and the test conducted at his facility was faulty because "any paper test will note Amphetamine." (Doc. 1 at 9.) It is widely held that an inmate does not have a constitutional right to an additional drug test to verify the results of an initial positive test. White v. Stansil, 2016 WL 4009954, at *6 (E.D. Cal. Jul. 25,

1  2016) (collecting cases). Further, Petitioner offers no evidence for his assertion that any test
2  conducted on paper will note the presence of amphetamine, and mere speculation does not
3  support a claim of due process error or undermine the finding of illicit drugs. Williams v.
4  Johnson, 2017 WL 2469980, at *6 (C.D. Cal. Apr. 28, 2017) (petitioner did not explain how
5  testing may have been faulty and "speculation does not equate to a substantive due process
6  violation"); Harris v. Blanckensee, 2022 WL 704061, at *4-5 (D. Ariz. Mar. 9, 2022), *adopted in*
7  *relevant part in* 2022 WL 1102634 (D. Ariz. Apr. 13, 2022) (Wolff requirements met when DHO
8  relied in part on staff pharmacist's report that "medication strips" contained suboxone). Thus,
9  Petitioner fails to show that there was not at least "some evidence" to support the guilty finding.
10 Hill, 472 U.S. at 455.

11      Petitioner raises other unfounded complaints such as alleging agents acted *ultra vires,*
12 committed constructive fraud, acted outside the scope of agency rules, and violated unspecified
13 rules, laws, and codes. The claims are completely unsupported, vague, and speculative. As
14 discussed above, all of Petitioner's due process rights were honored. Wolff, 418 U.S. at 564; Hill,
15 472 U.S. at 455. The Court recommends that the petition be dismissed.

**ORDER**

17      IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a District
18 Judge to the case.

**RECOMMENDATION**

20      For the foregoing reasons, the Court HEREBY RECOMMENDS that the habeas corpus
21 petition be DISMISSED.

22      This Findings and Recommendation is submitted to the United States District Court Judge
23 assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304
24 of the Local Rules of Practice for the United States District Court, Eastern District of California.
25 Within thirty (30) days after being served with a copy, Petitioner may file written objections with
26 the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and
27 Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28
28 U.S.C. § 636 (b)(1)(C).  Failure to file objections within the specified time may waive the right to

appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **September 16, 2024**              */s/ Sheila K. Oberto                
                                              UNITED STATES MAGISTRATE JUDGE